<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Civil Case No. 13-7417 |
|  | (FSH) (JBC) |
| Plaintiff, |  |
|  | **<u>OPINION & ORDER</u>** |
| v. |  |
|  | October 21, 2014 |
| ERIC BARONFELD, et al., |  |
|  |  |
| Defendants. |  |

<u>**HOCHBERG, District Judge:**</u>

This matter comes before the Court upon Plaintiff Nationstar Mortgage, LLC's motion to dismiss the Amended Counterclaims of Defendants Eric and Laurie Baronfeld pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Dkt. No. 20) The Court has reviewed the submissions of the parties and considers the motion pursuant to Federal Rule of Civil Procedure 78.

**I. BACKGROUND**[1]

Counterclaimant Eric and Laurie Baronfeld are New Jersey homeowners with a mortgage on their real property. "[A]fter the origination of the Mortgage Loan, the originating bank sold the Mortgage Loan to" Plaintiff Nationstar Mortgage. (Am. Answer & Counterclaims, Third Counterclaim ¶ 4). Nationstar Mortgage sought foreclosure based on the Baronfelds' alleged failure to make mortgage payments. (Compl., Wherefore Clause). The Baronfelds asserted

---

[1] Unless otherwise noted, the facts are taken from the Amended Counterclaims. The Court accepts these facts as true for the purposes of this motion to dismiss.

1

counterclaims, alleging that Plaintiff violated: (1) the New Jersey Consumer Fraud Act; (2) the Fair Debt Collection Practices Act ("FDCPA"); (3) the Truth in Lending Act and Real Estate Settlement Procedures Act; and (4) the Fair Foreclosure Act. Nationstar Mortgage has moved for partial dismissal of the Amended Counterclaims, including the counterclaims asserted under the Consumer Fraud Act, Fair Debt Collection Practices Act, and Fair Foreclosure Act. (Docket No. 20).

The Counterclaimants' consumer fraud claim alleges that Nationstar Mortgage "engaged in fraudulent commercial practices, deceptive commercial practices, unconscionable commercial practices, false promises, false pretense and/or misrepresentations with respect to the subject mortgage loan." (Am. Answer & Counterclaims, First Countercl. ¶ 4). This conduct allegedly included: "(a) failing to apply payments in accordance with the loan documents; (b) using suspense accounts in connection with the receipt of payments; (c) imposing late charges in a manner that is not permitted under the loan documents; (d) imposing charges for unnecessary property inspections and/or broker price opinions; (e) imposing charges or legal fees and costs; and/or (f) failing to modify the mortgage loan in accordance with applicable regulations, guidelines, and agreements with government authorities." (Am. Answer & Countercl., First Countercl. ¶ 6). The Amended Counterclaims do not specify any further factual detail. Nor do the Baronfelds plead how Nationstar Mortgage failed to apply payments in accordance with the loan documents; which charges were not permitted; which charges were unnecessary; which "regulations, guidelines and agreements" Nationstar purportedly violated; or the manner in which Nationstar allegedly violated any regulation. The factual allegations regarding this claim are limited to this one paragraph.

Regarding Counterclaimants' FDCPA claim, they allege that Nationstar Mortgage "is attempting to collect a debt that the Counterclaimant does not owe to Counter Defendant," (Am. Answer & Countercl., Second Countercl. ¶ 8), and that Nationstar Mortgage is "attempting to collect a debt from Counterclaimant in an amount that is greater than the amount that the Counterclaimant might owe," (Am. Answer & Countercl., Second Countercl. ¶ 9).

The relief sought by the Counterclaimants includes "[d]eclaratory relief that [Nationstar Mortgage] cannot enforce any security interest on the Defendant's property unless and until the Plaintiff complies with the Fair Foreclosure Act." (Am. Answer & Countercl., Wherefore Clause ¶ B).

**II. STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v.*

3

*UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 U.S. at 678 (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) requires plaintiffs to "plead with particularity the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984), *cert. denied*, 469 U.S. 1211 (1985). To satisfy the pleading requirement, plaintiffs may plead the specific conduct alleged to be fraudulent along with the "date, place or time" that the alleged fraud occurred or use some "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id*. Vague or conclusory allegations of fraud will not survive a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3d Cir. 1997).

4

**III. DISCUSSION**

Nationstar Mortgage argues that the Baronfelds' consumer fraud claim fails to allege facts with sufficient specificity under Federal Rule of Civil Procedure 9(b). Under New Jersey law, "[a] consumer may proceed with a private cause of action against a merchant under the CFA if she can show that the merchant engaged in an 'unlawful practice,' as defined in N.J.S.A. 56:8-2, and that she 'suffer[ed][an] ascertainable loss . . . as a result of the use or employment' of the unlawful practice." *Lee v. Carter-Reed Co., L.L.C.*, 203 N.J. 496, 521 (2010) (quoting N.J.S.A. § 56:8-19). Under the CFA, an unlawful practice is "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . ." N.J.S.A. § 56:8-2.

Statutory CFA claims that allege misrepresentations or fraudulent conduct are subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (applying Rule 9(b) to NJCFA claim and dismissing because defendant was "not placed on notice [of] the particular practice complained of . . . . [Plaintiff] therefore failed to sufficiently allege an unlawful practice with requisite specificity."); *see also Harper v. LG Electronics USA, Inc.*, 595 F. Supp. 2d 486, 491 (D.N.J. 2009) ("Plaintiffs' statutory fraud claims are subject to Rule 9(b)'s heightened pleading standards."); *McQueen v. BMW of N. Am., LLC*, Civ. No. 12-06674, 2014 WL 656619, at *3 (D.N.J. Feb. 20, 2014) ("a complaint that alleges . . . that the defendant violated the CFA must meet the heightened pleading standard established by Federal Rule of Civil Procedure 9(b)."). To meet this standard, "a plaintiff alleging fraud must state the circumstances of the alleged fraud

5

with sufficient particularity to place the defendant on notice of the precise misconduct with which [it is] charged. . . . [T]he plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico*, 507 F.3d at 200 (internal citations and quotation marks omitted).

Here, the Baronfelds' CFA claim alleges that Nationstar Mortgage "engaged in fraudulent commercial practices, deceptive commercial practices, unconscionable commercial practices, false promises, false pretense and/or misrepresentations with respect to the subject mortgage loan" including: "(a) failing to apply payments in accordance with the loan documents; (b) using suspense accounts in connection with the receipt of payments; (c) imposing late charges in a manner that is not permitted under the loan documents; (d) imposing charges for unnecessary property inspections and/or broker price opinions; (e) imposing charges or legal fees and costs; and/or (f) failing to modify the mortgage loan in accordance with applicable regulations, guidelines, and agreements with government authorities." (Am. Answer & Countercl. ¶ 6). Counterclaimants fail to allege any factual support for these six separate instances of allegedly fraudulent conduct, such as how Nationstar Mortgage purportedly misapplied payments, misused accounts, imposed impermissible charges or fees, or violated regulations.[2] *See Dimitrakis v. CitiBank, F.S.B.*, Civ. No. 12-7599, 2013 WL 496046, at *2 (D.N.J. Feb. 7, 2013) ("to adequately state a claim under the CFA, . . . such allegation must be plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. . . In failing to provide the date on which Plaintiffs received the check in question, or otherwise injecting some measure of substantiation into their allegations of fraud, Plaintiffs have failed to

---

[2] In their opposition brief, Counterclaimants appear to allege that the mortgage was not validly assigned to Nationstar Mortgage and, therefore, it could not service the mortgage without violating federal law. (Def.'s Opp'n to Mot. to Dismiss 3-4). The Court does not consider these assertions because they were not pled in the Amended Counterclaims.

place Defendants on notice of the nature of the claim(s) being asserted against them."). Consequently, the Amended Counterclaims have failed to put Nationstar Mortgage "on notice of the precise misconduct with which [it is] charged" and are, therefore, insufficient under Rule 9(b).[3] *Seville*, 742 F.2d at 791.

Counterclaimants' CFA claim fails to meet even the minimal pleading requirements of Rule 8, which requires only that the pleadings "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 679. Instead, Counterclaimants' allegations amount to the conclusory assertion that Nationstar Mortgage failed to follow the loan agreement and regulations, without pleading which provisions of the loan agreement or regulations Nationstar purportedly violated or the circumstances under which Nationstar committed such violations. *See Kostrzewa v. Wells Fargo Home Mortgage*, Civ. No. 12-04244, 2013 WL 1163502, at *5 (D.N.J. Mar. 18, 2013) ("Plaintiff's claims contain only conclusory allegations that Defendant engaged in consumer fraud, but provide no specific factual allegations to support the required elements of the claim.").

Similarly, the Baronfelds' Fair Debt Collection Practices Act claim states only that Nationstar Mortgage is a debt collector and "is attempting to collect a debt that the Counterclaimant does not owe to Counter Defendant. . . Alternatively, the Counter Defendant is attempting to collect a debt from the Counterclaimant in an amount that is greater than the amount that the Counterclaimant might owe."[4] (Am. Answer & Countercl., Second Countercl.

---

[3] Pleading fraud requires particularity. The fact that no such factual particularity is pled here may suggest that no facts exist indicating fraud. Counterclaimants' fraud claims must be stated with particularity if they intend to file an amended counterclaim.

[4] "To succeed on an FDCPA claim, plaintiff must plead sufficient facts showing: (1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a

¶¶ 8, 9). The Amended Counterclaim states that this constitutes "unfair or unconscionable means to collect . . . any debt" and "false, deceptive, or misleading representations or means in connection with the collection of any debt." (Am. Answer & Countercl., Second Countercl. ¶¶ 6, 7). The Baronfelds do not state the nature of the allegedly unfair or unconscionable means, nor do they plead particular misleading representations. This threadbare recital of the elements of the cause of action is insufficient to put Nationstar Mortgage on notice of the alleged wrongdoing under Federal Rule of Civil Procedure 8. *See Astarita v. Solomon & Solomon, PC*, Civ. No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content—such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt—which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."); *Vega v. United Recovery Sys., L.P.*, Civ. No. 11-5995, 2012 WL 458468, at *4 (D.N.J. Feb. 9, 2012) ("[T]he conclusory allegation that the letter misrepresented the amount of the alleged debt is a mere recitation of the statutory language in Section 1692e of the FDCPA, and fails to meet the plausibility threshold established in *Twombly*."); *Kimmel v. Phelan Hallinan & Schmieg, PC*, 847 F. Supp. 2d 753, 770 (E.D. Pa. 2012) ("[The Complaint] must link each alleged violation of the FDCPA to the predicate factual allegations giving rise to the violation in order to state a claim under Fed. R. Civ. P. 8.").

---

transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Jensen v. Pressler & Pressler, LLP*, Civ. No. 13-01712, 2014 WL 1745042, at *3 (D.N.J. Apr. 29, 2014).

Finally, to the extent that the Baronfelds affirmatively rely on the Fair Foreclosure Act as an independent counterclaim, they fail to state a grounds upon which relief can be granted because the Act does not provide for a private right of action. *See Skypala v. Mortgage Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 457 n.14 (D.N.J. 2009) (citing *Martino v. Everhome Mortgage*, 639 F. Supp. 2d 484, 491 n.13 (D.N.J. 2009)).

### IV. CONLCUSION & ORDER

For the foregoing reasons, Counterclaimants' New Jersey Consumer Fraud Act, Federal Fair Debt Collection Practices Act, and Fair Foreclosure Act claims are dismissed.

**IT IS**, this 21st day of October, 2014, hereby

**ORDERED** that Counter-Defendant's Motion for Partial Dismissal of the Amended Answer & Counterclaims is **GRANTED;** and it is further

**ORDERED** that Counterclaimants' Consumer Fraud Act and Fair Debt Collection Practices Act claims are **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Counterclaimants' independent Fair Foreclosure Act claim is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED

/s/ **Faith S. Hochberg**_____
**Hon. Faith S. Hochberg, U.S.D.J.**